**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JOHN M. GADDIS**                                                                                    **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:07cv199KS-MTP**

**SMITH & NEPHEW, INC., A/K/A SMITH &
NEPHEW PLLC, A/K/A SMITH & NEPHEW
ORTHOPEDICS; JOHN PRICE; AND JOHN DOES 1-10**         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion for Summary Judgement **[#4]** filed on behalf of defendant John Price. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

This is a medical device product liability action stemming from an apparent implantation of the plaintiff with a Genesis II Orthopaedic Implant Device (artificial knee joint) manufactured by defendant Smith & Nephew. The device was allegedly marketed to the plaintiff's treating physician, Dr. Ross Ward, by defendant John Price. Price has filed the present motion asserting that he did not market the device in question to the plaintiff's treating physician. The motion is supported by Price's affidavit and that of Charlie Wheeler, a territory manager for Smith & Nephew.

In response, the plaintiff asked for a continuance of the motion to allow him to discover whether Price's allegations were true or not.  The court granted that motion without objection of the defendants.  During this period of continuance, the defendants provided the name of the sales representative who in fact marketed the device to the plaintiff's treating physician.

Subsequently, difficulties arose between the plaintiff and his counsel, Samuel McHard and Mr. McHard moved to withdraw.  The Magistrate Judge allowed that withdrawal and has given the plaintiff time to have new counsel enrolled or to advise the court that he wants to proceed *pro se*.  The Magistrate Judge has also stayed the present Case Management Order and set a new date for a Case Management Conference for the entry of a new Case Management Order.  However, based on the documents before the court, there is no need to delay consideration of the present motion.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T.*

*for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS AND CONCLUSION

The affidavits of Price and Wheeler clearly establish that Price never marketed any Smith & Nephew Orthopaedic products to the plaintiff's treating physician, Dr. Ross Ward, or to the South Central Regional Medical Center where Dr. Ward practiced. Summary Judgment is clearly warranted in this circumstance. *See Randle v. Smithkline Beecham Corp.*, 338 F.Supp.2d 794, 708 (S.D. Miss. 2004)(dismissing sales representative with prejudice based on representatives' affidavit stating they never marketed the product that allegedly caused the plaintiffs' injuries). Further, there is no reason to delay dismissal of this defendant as further discovery would not create a genuine issue of material fact. *See Parude v. City of Natchez*, 72 Fed. App. 102, 105-106 (5th Cir. 2003).

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgement **[#4]** filed on behalf of defendant John Price is granted and defendant John Price is dismissed with prejudice. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 13th day of February, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE