IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JOHN M. GADDIS**                                                                                    **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 2:07cv199KS-MTP**

**SMITH & NEPHEW, INC., A/K/A SMITH &
NEPHEW PLLC, A/K/A SMITH & NEPHEW
ORTHOPEDICS; JOHN PRICE; AND JOHN DOES 1-10**         **DEFENDANTS**

## ORDER

This matter is before the court following the filing of a Motion to Dismiss **[#25]** by the defendants on March 31, 2008, to which the plaintiff has not responded in spite of this court's order setting a deadline for his response of April 14, 2008.  On May 15, 2008, the court entered a Show Cause Order allowing the plaintiff ten additional days to respond and/or show why the matter should not be considered without his response.  To date, the plaintiff has wholly failed to respond.

The plaintiff, John Gaddis, filed his Complaint in Jones County Circuit Court, Second Judicial District on May 9, 2007.  The case was removed to this court and an Initial Case Management Order was entered on November 1, 2007.  Pursuant to that Order, both parties' initial disclosures were due on December 19, 2007.  Smith & Nephew complied with this deadline; however, instead of filing initial disclosures, on December 19, 2007, the plaintiff's counsel filed a motion to withdraw and to extend

deadlines to allow for the plaintiff to obtain new counsel.

On January 18, 2008, the court entered an Order granting the Motion to Withdraw and staying discovery and other deadlines pending entry of a new case management order.  That Order further required: "Within 30 days of the date of this order, John M. Gaddis shall provide the clerk of court, in writing, with his telephone number or the telephone number of his new attorney so that all parties may be connected for the conference and provided notice as appropriate."  The plaintiff failed to comply with this requirement and waited until February 27 (40 days after the court's order) to write the court, advising that he was currently representing himself but talking with a lawyer who may take his case.

On February 28, 2008, a second telephonic Case Management Conference was held during which this case was again set for trial (this time during the March 2 through 13, 2009 trial calendar).  Mr. Gaddis participated in that conference on his own behalf, advising that he may have new counsel appear for him within a week.  Mr. Gaddis was advised that whether he proceeded with or without counsel, the deadlines in the new case management order would apply.  Gaddis was also specifically advised of the March 14 disclosure deadline, his responsibility to comply with local rules, and that he needed to be sure his mail was checked regularly.  On February 28, 2008, following the case management conference, a new case management order was entered, setting March 14, 2008 as the deadline for initial disclosures.

Despite the second order and the second chance, the plaintiff failed to make his initial disclosures on March 14, 2008.  On March 18, 2008, pursuant to Fed. R. Civ. P. 37, counsel for Smith & Nephew wrote to Mr. Gaddis in a good faith attempt to resolve

this discovery dispute.

The plaintiff has repeatedly failed to meet court-imposed deadlines and to make initial disclosures as required by Federal Rules of Civil Procedure.  Fed. R. Civ. P. 26(a) requires that within 14 days after the Rule 26(f) conference, unless a different time is set by stipulation or court order, all parties produce:

> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
>
> (B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;
>
> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

The plaintiff has totally failed to comply with any of the discovery requirements and has failed to respond to this motion to dismiss.  The court has repeatedly ordered the plaintiff to comply with his discovery obligations and to timely prosecute his case.  The court has exhausted all means available to have the plaintiff prosecute his case in a timely and efficient manner.  The only option open to the court at this point is to dismiss the plaintiff's case for failure to meet his discovery obligations and to comply with the orders of the court.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#25]** filed by the defendants is Granted and the plaintiff's Complaint is dismissed without prejudice for failure to prosecute his case and to comply with court-ordered discovery. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED and ADJUDGED on this, the 11th day of June, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE